896 F.Supp. 1082 (1995)
Michaela A. GUDENKAUF, Plaintiff,
v.
STAUFFER COMMUNICATIONS, INC., a Delaware corporation, d/b/a Stauffer Magazine Group; and Christy Skinner, Defendants.
No. 94-4228-SAC.
United States District Court, D. Kansas.
July 28, 1995.
*1083 Amy C. Bixler, Alan G. Warner, Topeka, KS, for Michaela A. Gudenkauf.
Michael W. Merriam, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for Stauffer Communications, Inc., and Christy Skinner.

MEMORANDUM AND ORDER
CROW, District Judge.
This case comes before the court on the defendant Christy Skinner's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dk. 6, 10). The plaintiff filed her complaint alleging that the defendants discharged her from her employment because she was nine months pregnant and could only work part-time due to medical complications. The plaintiff seeks relief from the defendant Stauffer Communications, Inc. ("Stauffer") because of violations of Title VII and the Pregnancy Discrimination Act of 1978, the Americans with Disabilities Act, the Family and Medical Leave Act of 1993, and the state tort of intentional infliction of emotional distress. The state tort claim is also made against the defendant Christy Skinner, who was the plaintiffs supervisor at the time of the discharge. Skinner seeks to be dismissed from the case because this court lacks, or should not exercise, jurisdiction over the state law claim against her.
A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-03, 2 L.Ed.2d 80 (1957)). On a Rule 12(b)(6) motion, the court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir.1987). The court construes the allegations in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991).
In the original motion to dismiss, the defendant stated that as an employee of Stauffer, Title VII and ADA claims would be "inappropriate" if made against her in her individual capacity. (Dk. 7). She then argued that because no federal claims could be made against her, this court should not exercise pendent jurisdiction over the state claims. The plaintiff's response conceded that individual capacity suits are inappropriate, but stated that the only claim she intended to bring against Skinner was the state claim. (Dk. 8). The defendant's reply still questions the propriety of this court to exercise jurisdiction over the state law claim against her. She does not question this court's jurisdiction over the federal claims made against the defendant Stauffer. Therefore, only if this court cannot hear the related state law claim of emotional distress should that claim be barred by reason of this court lacking supplemental jurisdiction.
Formerly, any "pendent" or "ancillary" federal jurisdiction over state law claims was governed solely by case law. See United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). This jurisdiction has been codified at 28 U.S.C. § 1367(a). Ball v. Renner, 54 F.3d 664 (10th Cir.1995). It states:
[I]n any civil actions of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the original action within such original jurisdiction that they form part of the same case or controversy *1084 under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
28 U.S.C. § 1367(a). (Emphasis added.) The plaintiff's complaint stems from a single occurrence, her discharge from employment. (Dk. 19). All of her allegations, including the claim of emotional distress, plead this event as having a causal relationship to her injuries. (Dk. 19). The relief sought is based on this single act, and the plaintiff alleges that Skinner and her employer, Stauffer, are jointly and severally liable on her state law claim. The state and federal claims are so related as to be part of the same case, thus giving this court supplemental jurisdiction to hear them.
Skinner argues, however, that she falls within the exceptions listed by 28 U.S.C. § 1367(c) that would allow this court to exercise its discretion and dismiss her from the case. She says that because the plaintiff voluntarily abandoned or dismissed federal law claims against her, that the plaintiff's state law claims should be dismissed pursuant to 28 U.S.C. § 1367(c)(3). And, that judicial economy and convenience to litigants is the justification for supplementary jurisdiction, and this would be best served by dismissing her from the case in this early stage of the litigation. White v. Union Pacific R.R., 805 F.Supp. 883, 889, 890 (D.Kan. 1992).
The defendant's arguments contradict the plain terms of § 1367. The court shall have supplemental jurisdiction unless one of the exceptions apply:
(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
28 U.S.C. § 1367(c)(1-4).[1] By the language of 28 U.S.C. § 1367(c), any exercise of discretion declining jurisdiction over pendent claims or parties cannot occur until "triggered" by the existence of one of the four conditions enumerated. Executive Software v. United States District Court, 24 F.3d 1545, 1557 (9th Cir.1994).
The fact that no federal claims have been made against Skinner does not matter. As long as one of the parties to the suit has federal claims pending against it, the court has mandatory supplemental jurisdiction over all claims and parties related. Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559, 1569 (11th Cir.1994). A district court cannot decline to exercise supplemental jurisdiction unless one of the exceptions under 1367(c) exist. Id. at 1569. In this case, all of the plaintiff's federal claims have not been dismissed. Therefore, 28 U.S.C. § 1367(c)(3) is not "triggered" and this court does not have the discretion to dismiss Skinner.
Finally, even assuming that this court did have the discretion to dismiss the plaintiff's state law claim against Skinner, economy and convenience would not be served by doing so. Judicial economy, convenience, and other concerns such as fairness and comity, are factors used to guide the court's decision to exercise jurisdiction over pendent claims and parties when it has the discretion to do so. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720, 729, 730 n. 7 (1988).
However, supplemental jurisdiction promotes judicial economy by providing a single forum to litigate all matters arising from the same "nucleus of operative fact." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 789 (3rd Cir.1995). The state claim is made against Skinner as an individual and against Stauffer on a theory of respondeat superior liability for Skinner's actions. To dismiss *1085 Skinner and allow the claim against her to be brought in state court obviously would duplicate effort, time and expense in litigation. If judicial economy and convenience were the main factors to be considered by this court to decide if supplemental jurisdiction should be exercised over the claims against Skinner, they would best be served by exercising that jurisdiction.
In summary, the statutory requirements needed for this court to exercise discretion and dismiss the defendant Skinner have not been met. Jurisdiction over the plaintiffs supplemental state claims is mandatory until such time as the court determines that one of the factors listed under 28 U.S.C. § 1367(c) is applicable. Were this instance of the discretionary exercise of supplemental jurisdiction, the court would choose to exercise it.
IT IS THEREFORE ORDERED that the defendant Skinner's motion to dismiss (Dk. 6) is denied.
NOTES
[1] The subject of 28 U.S.C. § 1367(b) is the application and effect of 1367(a) when diversity is the source of the court's original jurisdiction. Therefore, it does not apply here.