**CLASSIC COMMUNICATIONS, INC.; Classic Telephone, Inc.; and Classic Cable, Inc., Plaintiffs,**

v.

**RURAL TELEPHONE SERVICE CO., INC.; Vision Plus, Inc.; Larry E. Sevier; Merlin Dennis; Barney Hickert; F.C. Brungardt; Douglas Ziegler; Charley Minium; Marion Otter; Glenn Lambert; Robert E. McCall; Shane Brady; Kenneth Clark; City of Hill City, Kansas; City of Bogue, Kansas; City of Quinter, Kansas; City of Morland, Kansas; City of Norcatur, Kansas; City of Gorham, Kansas; City of Damar, Kansas; City of Palco, Kansas; and City of Logan, Kansas, Defendants.**

No. Civ.A. 96–2166–DES.

United States District Court, D. Kansas.

Jan. 22, 1998.

Victor A. Davis, Jr., David P. Troup, Weary, Davis, Henry, Struebing & Troup, Junction City, KS, Gordon D. Gee, Paul G. Schepers, Rachel H Baker, Susan S. Goldammer, Seigfreid, Bingham, Levy, Selzer & Gee, Kansas City, MO, Cary Ferchill, Mark D. Goranson, Brian F. Antweil, Winstead, Sechrest & Minick, P.A., Austin, TX, for plaintiffs.

Donald D. Barry, Anthony S. Barry, Barry & Barry, Topeka, KS, J. Eugene Balloun, Timothy M. O'Brien, Robert D. Grossman, David A. Rameden, Shook, Hardy & Bacon L.L.P., Overland Park, KS, for Rural Telephone Service Company, Inc., Vision Plus, Inc., Larry E Sevier, Merlin Dennis, Barney Hickert, FC Brungardt, Douglas Ziegler, Charley Minium, Marion Otter, Glenn Lambert, Robert E McCall, Shane Brady, defendants.

William B. Elliott, Hill City, KS, for City of Hill City, Kansas, defendant.

Allen G. Glendenning, Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., Great Bend, KS, for City of Bogue, Kansas, defendant.

S. Philip Stover, Quinter, KS, for City of Quinter, Kansas, defendant.

Tony A. Potter, Hill City, KS, Allen G. Glendenning, Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., Graet Bend, KS, for City of Morland, Kansas, defendant.

Steven W. Hirsch, Hirsch & Pratt, Oberlin, KS, Allen G. Glendenning, Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., Graet Bend, KS, for City of Norcatur, Kansas, defendant.

Kenneth L. Cole, Woelk & Cole, Russell, KS, Allen G. Glendenning, Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., Graet Bend, KS, for City of Gorham, Kansas, defendant.

Craig C. Blumreich, Gehrt & Roberts, Chartered, Topeka, KS, for City of Damar, Kansas, City of Palco, Kansas, defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of the cities of Hill City and Bogue to dismiss for lack of jurisdiction (Doc. 175). For the reasons set for the below, defendants' motion is granted.

## I. BACKGROUND

The following facts are uncontroverted or, where controverted, construed in a manner most favorable to the plaintiffs as the non-moving parties.

In 1992, Classic Communications, Inc. initiated efforts to expand its telecommunications business into western Kansas. Classic Communications' cable television subsidiary, Classic Cable, Inc., attempted to expand its cable television service into the region and Classic Communications' telephone subsidiary, Classic Telephone, Inc., contracted to purchase telephone exchange systems in the cities of Bogue, Hill City, and Quinter (collectively the "Telephone Cities" or "Cities"). In order to operate a local telephone exchange in Kansas, a business must obtain a franchise from the city to be serviced for use of the streets and rights-of-way. Classic Telephone applied for a non-exclusive, competitive franchise in the cities of Bogue and Hill City, and both cities denied Classic Telephone's application without, according to plaintiffs, providing any valid reason. Classic Telephone was not required to obtain a franchise in the City of Quinter because it obtained an existing franchise from United Telephone Company of Kansas ("United"). However, Quinter notified Classic Telephone that United's franchise would not be renewed when it expired and that Quinter did not intend to issue a franchise to Classic telephone.

Classic Telephone subsequently informed the Telephone Cities that, under the Communications Act of 1996, they were not permitted to deny a telephone franchise for competitive reasons and Classic Telephone requested additional information in an effort to find a "legitimate explanation" for the denial. According to plaintiffs, none of the Telephone Cities responded with a legitimate explanation and all continue to refuse to grant franchises to Classic Telephone.

Plaintiffs contend these denials are a result of a conspiracy between Rural Telephone Service Co., Inc. ("Rural") and the Telephone Cities to deny Classic Telephone the opportunity to compete in the provision of telecommunications services.

## II. RULE 12(b)(1) MOTION TO DISMISS STANDARD

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. INS,* 23 F.3d 1576, 1580 (10th Cir.1994). "A court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Scheideman v. Shawnee County Bd. of County Comm'rs,* 895 F.Supp. 279, 280 (D.Kan.1995) (citing *Basso v. Utah Power and Light Co.,* 495 F.2d 906, 909 (10th Cir.1974)); Fed.R.Civ.P. 12(h)(3). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. *Id.* When federal jurisdiction is challenged, the plaintiff bears the burden of showing why the case should not be dismissed. *Jensen v. Johnson County Youth Baseball,* 838 F.Supp. 1437, 1439–40 (D.Kan.1993).

## III. DISCUSSION

Defendants Hill City and Bogue seek dismissal of plaintiffs' state antitrust claim for lack of supplemental jurisdiction under 28 U.S.C. § 1367. According to defendants, the sole remaining state claim against them is factually and legally distinct from the remaining federal claim asserted against defendant Rural Telephone Service Co., Inc. ("Rural"). Defendants further assert that the state law claim presents novel, complex, and unsettled questions of state law. Accordingly, defendants argue, the court either no longer has jurisdiction over the remaining state law claim, or, alternatively, it should decline to exercise any jurisdiction that it may have.

"[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy

under Article III of the United States Constitution." 28 U.S.C. § 1367(a). District courts may decline to exercise supplemental jurisdiction over a state law claim only if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). The statute mandates the exercise of supplemental jurisdiction unless one of the exceptions in § 1367(c) is met. *See Gudenkauf v. Stauffer Communications, Inc.*, 896 F.Supp. 1082, 1084 (D.Kan.1995).

■ Plaintiffs contend that the court has jurisdiction, and that as long as one of the parties to the suit has a federal claim pending against it, the court has mandatory supplemental jurisdiction unless one of the exceptions in § 1367(c) is met. Defendants are correct in that once it has been determined that the court has supplemental jurisdiction, it must exercise that jurisdiction over a state law · claim absent any of the exceptions in § 1367(c). However, the question here is not whether the court can decline to exercise its supplemental jurisdiction over plaintiffs' state law claims, but whether supplemental jurisdiction is proper to begin with.

■ Defendants argue that the court has no power to exercise supplemental jurisdiction because the state and federal claims do not form part of the same "case or controversy" as required by 28 U.S.C. § 1367(a). Whether the state and federal claims form part of the same case or controversy turns on whether they "derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Under this standard, if "a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in the federal courts to hear the whole." *Id.* The *Gibbs* standard does not require complete unity of factual issues, however. The fact that plaintiffs' state law claim may involve proof of additional facts does not defeat the court's power to exercise supplemental jurisdiction. *See Jones v. Inter-*

*mountain Power Project*, 794 F.2d 546, 548–50 (10th Cir.1986).

■ In this case, the court finds that the state antitrust claim is not sufficiently related to the Lanham Act claim over which the court has original jurisdiction to form part of the same case or controversy as required by 28 U.S.C. § 1367(a). The basis of plaintiffs' state antitrust claim against defendants is the alleged combination "by, between and among Rural, Hill City, Bogue and Quinter to deny Classic Telephone the opportunity to compete in the telephone business" by failing to enact a franchise ordinance in favor of Classic Telephone. In contrast, plaintiff's Lanham Act claim against Rural arises out of Rural's direct marketing campaign through which Rural is alleged to have made defamatory statements concerning Classic Cable's products, services and commercial activities in the city of Logan, Kansas. Notwithstanding plaintiffs' argument that the claims both relate to plaintiffs' frustrated efforts to expand into western Kansas, the factual findings required under the respective state and federal laws are too divergent to properly allow the exercise of supplemental jurisdiction.

**IT IS THEREFORE BY THE COURT ORDERED** that the motion of the cities of Hill City and Bogue to dismiss for lack of jurisdiction (Doc. 175) is granted.

**IT IS FURTHER ORDERED** that plaintiffs' state antitrust claim against defendants Hill City and Bogue is dismissed without prejudice.