**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 3 1998**

**PATRICK FISHER**
**Clerk**

CAROL GOLD,

      Plaintiff - Appellant,

v.

LOCAL 7 UNITED FOOD AND
COMMERCIAL WORKERS UNION,
LOCAL 7,

      Defendants - Appellees.

No. 97-1178

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 96-S-193)**

John W. McKendree (Elizabeth McKendree with him on the briefs), of the Law
Offices of John W. McKendree, Denver, Colorado, for the Plaintiff - Appellant.

Thomas B. Buescher (Ellen M. Kelman with him on the brief), of Brauer,
Buescher, Valentine, Goldhammer & Kelman, P.C., Denver, Colorado, for the
Defendants - Appellees.

Before **SEYMOUR**, **LUCERO** and **MURPHY**, Circuit Judges.

**LUCERO**, Circuit Judge.

Following a hotly contested union election, the new leadership of Local 7, United Food and Commercial Workers Union, terminated Carol Gold, a paid organizer for the union at Albertson's.[1]  Gold filed suit against the union alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, as well as wrongful termination and outrageous conduct in violation of state law.[2]  After the district court declined to exercise supplemental jurisdiction over the state claims, Gold dismissed her only remaining federal claim.  On appeal, she contends principally that the district court erred in refusing to exercise jurisdiction over her state claims.  Analyzing the extent to which Steel Co. v. Citizens for a Better Env't, 118 S. Ct. 1003 (1998), requires the district court to determine its supplemental jurisdiction under 28 U.S.C. § 1367 prior to addressing the merits of state law claims, we affirm in part, and reverse and remand in part.

In October 1994, Local 7 elected Gary Hakes its president.  Gold had actively supported the campaign of an unsuccessful candidate.  Two months later, Gold suffered a fall at Albertson's, while allegedly on union business.  She

---

[1]  Carol Gold was known during earlier phases of this litigation as Carol Ebersbach.  We grant her motion to amend the caption with respect to the elimination of the additional plaintiffs and the change in her name from Ebersbach to Gold, and deny her motion insofar as it seeks to add additional defendants.

[2]  Gold was one of four original plaintiffs.  None of the other plaintiffs raise issues on appeal.

reported her injury to the union. Later that same month she was terminated by the union. Her injury subsequently worsened, and she filed a workers' compensation claim with the union. According to Gold, the union resisted her claim, urging her to file with Albertson's instead, and ignoring her inquiries about returning to work. However, at Gold's workers' compensation hearing, the union agreed to pay her claim. Gold sued, alleging sex discrimination, wrongful termination, and outrageous conduct.

The district court granted summary judgment against Gold on her two state law claims. The court declined supplemental jurisdiction over these claims, but also ruled against the outrageous conduct claim on its merits. Some two weeks before trial on her remaining Title VII discriminatory termination claim, appellant moved to amend her complaint to allege a claim for discriminatory failure to hire. The district court denied that motion. On the day of trial, Gold successfully moved to dismiss her outstanding discriminatory termination claim. She now appeals.

**I**

Gold contends that the district court wrongly denied her motion under Fed. R. Civ. P. 15(b) to amend her complaint to add a claim for discriminatory failure to hire. Rule 15(b) provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all

respects as if they had been raised in the pleadings." We review the denial of a motion under Rule 15(b) for abuse of discretion. See Berry v. Stevinson Chevrolet, 74 F.3d 980, 989 (10th Cir. 1996).

Under this standard, and assuming arguendo that this was a proper motion under Rule 15(b), we find no error.[3] Appellant points to nothing in the record that suggests consent on the part of appellees. Our own review of the record indicates that appellees expressly and timely objected to appellant's effort to inject a failure to hire claim into her cause of action. See III Appellant's App. at 799-800. A refusal to allow amendment under Rule 15(b) is not improper when "there is nothing in the record indicating the parties tried the issue by express or implied consent." Rios v. Bigler, 67 F.3d 1543, 1553 (10th Cir. 1995).

In addition, we see no merit to appellant's contention that the failure to hire claim was contained in her original amended complaint. Gold points to the statement in her pleading that "defendants have discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of Title VII." I Appellant's App. at 55. But her complaint contains no factual allegations of a failure to hire. Construing her pleadings to incorporate such a

---

[3] Gold's ostensible Rule 15(b) motion was made before trial, when no issues had or could have been tried. Rule 15(b) seems a totally inappropriate vehicle for a motion to amend prior to trial.

claim would violate Fed. R. Civ. P. 8. Consequently, the district court did not abuse its discretion in denying leave to amend the complaint.

## II

In resolving Gold's appeal as it relates to her state law claims, we must first address a jurisdictional issue. The district court ruled against Gold's claim of outrageous conduct on the merits, while alternatively declining jurisdiction under 28 U.S.C. § 1367(c). We hold that practice foreclosed by the Supreme Court's recent decision in Steel, 118 S. Ct. 1003.

Steel requires that a federal court satisfy itself of subject matter jurisdiction before proceeding to the merits of a claim—even when the question of the merits is the easier one and is substantively resolvable against the claim over which jurisdiction is in doubt. See 118 S. CT. at 1012. "If the district court lacked jurisdiction, 'we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.'" Harline v. Drug Enforcement Admin., 148 F.3d 1199, 1202 (10th Cir. 1998) (quoting United States v. Corrick, 298 U.S. 435, 440 (1936)). Although Steel addresses standing in the context of a federal question claim, its rationale must certainly apply—with even greater force—to questions of supplemental jurisdiction, which implicate additional concerns of federalism and comity. See Iglesias v. Mutual Life Ins. Co., 1998 WL 611134, at *2-3 (1st Cir. Sept. 17,

1998) (applying  Steel to issues of supplemental jurisdiction).  Consequently, we must address the district court's decision to decline jurisdiction over the outrageous conduct claim, before addressing, should we need to do so, its disposition of that claim on the merits.     We simultaneously address the validity of the district court's decision to decline jurisdiction over the state law wrongful termination claim.

"The federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact,' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises just one constitutional case."  City of Chicago v. International College of Surgeons, 118 S. Ct. 523, 529 (1997) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)); see also 28 U.S.C. § 1367(a) (codifying these principles of supplemental jurisdiction).[4]  However, district courts are statutorily authorized to decline supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or
> claims over which the district court has original jurisdiction,

---

[4] Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The exercise of supplemental jurisdiction is therefore discretionary. See International College of Surgeons, 118 S. Ct. at 533. Section 1367 "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" Id. (quoting Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988)). In light of these principles, we review the district court's decision to decline supplemental jurisdiction for abuse of discretion only.

The district court declined to exercise supplemental jurisdiction over the wrongful termination claim, finding, first, that the claim "does not share a common nucleus of operative fact with the federal claims over which the court has original jurisdiction," and second, that "the scope of the issue raised by the wrongful termination claim predominates over the federal claims." See III Appellant's App. at 859. The district court pursued the same course with regard to Gold's outrageous conduct claim. See id. at 861. In both cases, we see no abuse of discretion in declining jurisdiction on grounds of "predominance." See 28 U.S.C. § 1367(c)(2). Trial of the wrongful termination and outrageous

conduct claims would revolve around the contested question of whether or not Local 7 retaliated against Gold for exercising her workers' compensation rights, a factual question predominantly distinct in scope from the federal issue of sex discrimination. Consequently, we do not reach the validity of the "common nucleus" determinations made by the district court.

Having declined jurisdiction, however, the district court should not have reached the merits of the outrageous conduct claim. See Steel, 118 S. Ct. at 1012 ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting Ex parte McCardle, 7 Wall. 506, 514 (1868)). The same logic applies to the granting of summary judgment on both state law claims. The proper course of conduct when declining supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) is to dismiss the state law claims without prejudice, in order to permit them to be brought in state court. "A federal court's decision that it lacks subject matter jurisdiction . . . returns the case to the state court so that it can adjudicate or dismiss. That decision does not intrude on 'the power reserved to the states, under the Constitution, to provide for the determination of controversies in their courts." Marathon Oil Co. v. A. G. Ruhrgas, 145 F.3d 211, 219 (5th Cir. 1998)

(quoting  Healy v. Ratta , 292 U.S. 263, 270 (1934)). [5] Granting summary judgment while declining jurisdiction upsets this constitutional framework.  See Steel, 118 S. Ct. at 1016 ("The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers.")

The district court's denial of leave to amend the complaint is **AFFIRMED**. The grant of summary judgment for defendants on Gold's state law claims is **REVERSED AND REMANDED** for further proceedings consistent with this opinion.

---

[5] Because a refusal to exercise supplemental jurisdiction means the district court is without subject matter jurisdiction, there can be no res judicata effect in state court when the district court has recourse to 28 U.S.C. § 1367(c).  Accordingly, such a refusal is not contrary to the reasoning of Marathon Oil, 145 F.3d at 218-19, wherein the Fifth Circuit overruled the practice of dismissing cases on personal jurisdiction grounds prior to reaching questions of subject matter jurisdiction.