**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ERLENE GREEN,

      Plaintiff-Appellant,

v.

CLOVIS MUNICIPAL SCHOOLS,

      Defendant-Appellee.

No. 99-2115
(D.C. No. CIV-97-1517-JHG)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's grant of summary judgment in favor of defendant on plaintiff's employment discrimination claims and its refusal to exercise supplemental jurisdiction over the remaining state law claims. We review the grant of summary judgment *de novo*, applying the same standard as the district court. *See Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996). "[W]e examine the factual record and reasonable inferences therefrom in the light most favorable to [plaintiff]," and we will affirm if there is no genuine issue as to any material fact and plaintiff is entitled to judgment as a matter of law. *Id.* (further quotation omitted). Guided by these standards, we affirm.

Plaintiff, an African American, was employed by defendant as a bus driver for the Clovis, New Mexico schools for sixteen years. In May 1997, all the bus drivers, including plaintiff, were laid off when defendant hired an independent contractor to run the bussing for the school district. Plaintiff brought suit against her employer for retaliation and discrimination on account of her race, alleging violations of 42 U.S.C. § 1983 and Title VII.

Before the district court ruled on the summary judgment motion, plaintiff requested permission to file a second amended complaint on February 3, 1999, three months after discovery was terminated, almost a year after the first amended complaint was filed, and three months before trial. The district court denied the motion, and plaintiff alleges error. The district court held a hearing on the motion

to amend. In its order denying leave to amend, the court noted the time line of events and denied the motion because it was untimely under the circumstances, and because there was no adequate explanation for the delay. Undue delay is sufficient reason to deny leave to amend. *See McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998). Our review of the record shows that the district court's decision not to allow plaintiff to amend her complaint was within its discretion. *See id.*

The district court was correct to dismiss plaintiff's 42 U.S.C. § 1983 claim. For the claim to survive, it must have a basis independent of plaintiff's Title VII racial discrimination claim. *See Notari v. Denver Water Dep't*, 971 F.2d 585, 587 (10th Cir. 1992). Plaintiff's § 1983 claim was not independent of her Title VII claims. In fact, plaintiff acknowledges that her amended complaint did not establish an independent § 1983 claim, a situation that she sought to remedy by seeking leave to file a second amended complaint. *See* Appellant's Br. at 35.

Plaintiff filed her charge of discrimination with the New Mexico Human Rights Division (NMHRD) on May 28, 1997, thereby exhausting her administrative remedies with respect to instances of alleged discrimination that occurred on or after August 1, 1996. *See* 42 U.S.C. § 2000e-5(e)(1) (charge of discrimination must be filed within 300 days after alleged unlawful practice occurs if proceeding is instituted with state agency with power to grant relief

from discrimination). Allegations of discrimination based on instances that occurred before August 1, 1996 are time-barred. Further, we agree with the district court that the instances of alleged discrimination falling outside the limitation period are not saved by the continuing violation theory. The instances were not of the same type of discrimination, they are relatively infrequent, and the nature of the alleged violations should have made plaintiff aware of the need to assert her rights. *See Martin v. Nannie and the Newborns, Inc.*, 3 F.3d 1410, 1415 (10th Cir. 1993).

The district court was correct in finding that it lacked jurisdiction to consider plaintiff's retaliation claim because it was not administratively exhausted. *See Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir. 1997) (timely administrative claim is prerequisite to federal court jurisdiction). Plaintiff's charge with the NMCRD did not mention retaliation. The amendment she filed did allege retaliatory discrimination, but it did not adequately state a retaliation claim. Although the amended charge identified the retaliatory act as forcing plaintiff to choose between taking less pay in a different position or accepting a position with the independent contractor, the amendment did not identify the action that prompted the alleged retaliation. A claim of retaliation that does not identify the action for which plaintiff was retaliated against does not provide notice of the alleged violation to the charged party, nor does it provide a

-4-

factual basis sufficient to allow the agency to evaluate the merits of the claim. *See Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994); *Khader v. Aspin*, 1 F.3d 968, 971 (10th Cir. 1993). It was only in her response to the summary judgment motion that plaintiff identified her union activities, representation of coworkers in grievance procedures, and speech against racial discrimination as the bases for the retaliatory act.

Regarding the remaining instances of alleged discrimination, plaintiff has failed to establish a *prima facie* case of disparate treatment. Plaintiff has not shown that she suffered an adverse employment action. *See Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1315-16 (10th Cir. 1999) (setting out elements of *prima facie* case for disparate treatment). The events of which plaintiff complains simply do not rise to that level. The pay discrepancy was corrected, and the fact that defendant did not give plaintiff a new bus that would have made it easier for her to get children on and off the bus does not constitute an adverse employment action, *see Sanchez v. Denver Public Schools*, 164 F.3d 527, 532 (10th Cir. 1998) (holding that mere inconvenience or alteration of job responsibilities are not adverse employment actions). To the extent that plaintiff argues she suffered an adverse employment action by being laid off, she has not shown that the job was not eliminated after she was laid off. *See Perry v. Woodward*, Nos. 97-2342, 98-2003, 1999 WL 1256340, at *10 (10th Cir. Dec. 20,

1999) (citing *Lowe v. Angelo's Italian Foods, Inc.*, 87 F.3d 1170, 1174-75 (10th Cir. 1996) (wrongful termination); *Mohammed v. Callaway*, 698 F.2d 395, 398 (10th Cir. 1983) (failure to promote)).  In fact, the record shows that defendant stopped employing bus drivers entirely and delegated that function to an independent contractor.

Finally, because the district court properly dismissed all the claims over which it had original jurisdiction, the court acted within its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims.  *See Gold v. Local 7 United Food & Comm. Workers Union,* 159 F.3d 1307, 1310 (10th Cir. 1998) ("The exercise of supplemental jurisdiction is . . . discretionary.").  The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge