**Earl H. BUSEY, Jr., Plaintiff,**

v.

**THE BOARD OF COUNTY COMMIS-SIONERS OF THE COUNTY OF SHAWNEE, Kansas; Richard Eckert, Shawnee County Counselor; and Dick Barta, Shawnee County Sheriff, Defendants.**

**No. 01–4083–DES.**

United States District Court, D. Kansas.

Sept. 21, 2001.

Jonathan B. Phelps, Phelps Chartered, Topeka, KS, Margie J. Phelps, Topeka, KS, for Plaintiff.

James S. Pigg, David R. Cooper, Fisher, Patterson, Sayler & Smith, Topeka, KS, Craig C. Blumreich, Gehrt & Roberts, Topeka, KS, for Defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's Motion for Remand or Motion for Default Judgment (Doc. 5). Defendants have filed consolidated Responses (Docs. 10; 11). Plaintiff has failed to file a reply, so the court is now prepared to rule on plaintiff's motion. Plaintiff's motion seeks to have this action remanded back to state court. For the following reasons, plaintiff's motion is denied.

## I. BACKGROUND

On May 31, 2001, plaintiff filed a petition in the District Court of Shawnee County, Kansas. Plaintiff, a former employee of the Shawnee County Sheriff's Department, alleges defendants: (1) wrongfully constructively discharged him in retaliation, contrary to state law; (2) committed acts that constituted invasion of privacy through false light, also contrary to state law; and (3) unconstitutionally constructively discharged him on account of his perceived association with the county's former sheriff, contrary to 42 U.S.C. § 1983.

The allegations stem from events taking place within the Shawnee County Sheriff's Department. In February 2000, proceedings were undertaken to remove Sheriff Dave Meneley from office. These proceedings were instituted allegedly in response to the discovery of a "drug scandal" involving Sheriff Meneley. Plaintiff was subpoenaed to testify on behalf of the defense in Sheriff Meneley's ouster proceedings. Defendant Barta was subsequently appointed as sheriff.

Plaintiff asserts his working environment under the new administration suffered due to his prior association with former Sheriff Meneley. It is alleged this maltreatment resulted in plaintiff being placed on administrative leave in April of 2000. Plaintiff's status was reported to the media as being linked to the drug scandal. Plaintiff eventually resigned his position allegedly in response to the hostile environment created by defendants.

On July 3, 2001, defendants filed a consolidated Notice of Removal (Doc. 1) with this court. Defendants premised the removal on the existence of the § 1983 claim within plaintiff's state petition. On July 25, 2001, defendants filed their Answers (Docs. 3; 4). Thereafter, on July 30, 2001, plaintiff filed the instant motion. Plaintiff seeks an order remanding this case back to the state court, or, in the alternative, an order granting him default judgment.

## II. DISCUSSION

### A. Supplemental Jurisdiction

It is axiomatic that the court has subject matter jurisdiction over plaintiff's § 1983 claim. 28 U.S.C. § 1331. Removal as to this claim was therefore appropriate under 28 U.S.C. § 1441(b). *See Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 386, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) ("[T]he presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal."). Plaintiff argues the court must remand the state claims be-

cause the court should decline to exercise supplemental jurisdiction.[1]

■ The issue of supplemental jurisdiction necessarily is comprised of two inquiries: first, does the court have supplemental jurisdiction and second, in the event jurisdiction exists, should the court exercise such jurisdiction. *See generally Gold v. Local 7 United Food & Commercial Workers Union,* 159 F.3d 1307, 1310 (10th Cir.1998). While plaintiff expends the majority of his analysis on the second issue, the court must initially consider the threshold inquiry.

■ The bounds of supplemental jurisdiction are codified as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). "[T]he federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact,' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises just one constitutional 'case.'" *City of Chicago v. International Coll. of Surgeons,* 522 U.S. 156, 164–65, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) (alteration in original) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *See also Gibbs,* 383 U.S. at 725, 86 S.Ct. 1130 (If "a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in the federal courts to hear the whole.").

In the present case, all three of plaintiff's claims are derived from the same set of operative facts. Without question, the claims are immeasurably linked to the same events. Specifically, plaintiff's federal and state claims directly implicate and arise out of not only his relationship with the former sheriff but also defendants' treatment of plaintiff in response to this association. Surely the factual showing under the federal law retaliatory constructive discharge claim will flow from and necessarily involve the same facts as presented under the state law retaliatory constructive discharge claim.[2]

---

1. *See Westinghouse Credit Corp. v. Thompson,* 987 F.2d 682, 684–85 (10th Cir.1993) (affirming the district court's retention of a federal claim while remanding the state claims pursuant to the rationale in *United Mine Workers v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

2. Plaintiff's petition makes this interrelation evident, for the following paragraphs demonstrate the overlap between the state and federal retaliation claims.

> The treatment plaintiff received was remarkably degrading, purposeful, calculated to force him to leave his employment, and based upon a *political wind that involved an intense desire to punish any person perceived to be an ally of former Sheriff Dave Meneley.* As such, plaintiff's treatment was unlawful, unfair, and contrary to the proper role of public officials such as your defendants here.

> Further defendants' actions were taken toward and against plaintiff on account of his protected activity in the form of giving testimony on behalf of Meneley, pursuant to a subpoena at the ouster trial. *Further, such acts were taken toward and against plaintiff on account of the perception that he had an association with Meneley .*

(Pl.Pet.¶¶ 14–15) (emphasis added). Additionally, the facts surrounding plaintiff's false light claim are alleged to have contributed to, and been done in furtherance of, plaintiff's state and federal retaliatory constructive discharge claims. To this end the petition states:

> As well, when an extraordinary public media report was made about plaintiff being placed on administrative leave, a repre-

While the legal theories of recovery may differ, the record indicates that the facts of this case satisfy the "case or controversy" threshold inquiry. *See Classic Communications, Inc. v. Rural Tel., Inc.,* 995 F.Supp. 1181, 1184 (D.Kan.1998) (Saffels, J.) ("The fact that plaintiff's state law claim may involve proof of additional facts does not defeat the court's power to exercise supplemental jurisdiction.") (citing *Jones v. Intermountain Power Project,* 794 F.2d 546, 548–50 (10th Cir.1986)). Therefore, in line with *Gibbs* and § 1367(a), the court finds it has supplemental jurisdiction over plaintiff's state law claims.

▬ Under the second inquiry, the court may decline to exercise its supplemental jurisdiction over a plaintiff's state law claim if:

> (1) the claim raises a novel or complex issue of State law,

> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

> (3) the district court has dismissed all claims over which it has original jurisdiction, or

> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The decision in whether to decline jurisdiction rests in the court's discretion. *Gold,* 159 F.3d at 1310.

Plaintiff argues the court should decline jurisdiction under the first two exclusions.

The court disagrees. First, plaintiff's assertion that his wrongful discharge and false light claims present novel state law issues is unsubstantiated. As defendants note, plaintiff fails to identify any particular issue, which exists without relevant Kansas precedent.[3] The court declines to accept plaintiff's general conclusory statements.

Second, the court does not find plaintiff's state law claims substantially predominate over the § 1983 claim. At the heart of plaintiff's petition is the allegation that he was persecuted by the new administration because of his association with and/or support of former Sheriff Meneley. It was this association that was allegedly responsible for his maltreatment resulting in the wrongful retaliatory constructive discharge and false light claims. *Cf. Zsamba v. Community Bank,* No. 98–4221–DES, 1999 WL 218510, at *2 (D.Kan. Mar.2, 1999) (declining supplemental jurisdiction because state law claims predominate over federal claim). Plaintiff's § 1983 claim seeks redress of this alleged violation of his right to associate as secured by the First Amendment. In sum, because this case fails to fall within any of the statutorily created exceptions, the court finds the exercise of supplemental jurisdiction appropriate.

**B. Separate and Independent Claims**

▬ Plaintiff next asserts the court should remand the state claims pursuant to 28 U.S.C. § 1441(c). The statute reads:

sentative of the County made a public statement that plaintiff was on administrative leave with pay "at this time," thereby publicly intimating that plaintiff's employment was in jeopardy. This public statement, against the backdrop of the treatment plaintiff and the drug unit had received as described above, coupled with the lengthy interrogation, coupled with plaintiff being placed on administrative leave, all created a

work environment that was so hostile that a reasonable person would deem the conditions to be intolerable.
(*Id.* ¶ 11).

3. In fact, this court has had an opportunity to recently consider a claim of false light under Kansas law. *See Ratts v. Board of County Comm'rs,* 141 F.Supp.2d 1289, 1323–24 (D.Kan.2001).

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, *in its discretion, may remand all matters in which State law predominates.*

28 U.S.C. § 1441(c) (emphasis added). Thus, to properly remand under § 1441(c), the remanded claim must be "(1) a separate and independent claim or cause of action; (2) joined with a federal question; (3) otherwise non-removable; and (4) a matter in which state law predominates." *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d 100, 104 (5th Cir.1996). *See also RMP Consulting Group, Inc. v. Datronic Rental Corp.,* 189 F.3d 478 (10th Cir.1999) (table) (holding § 1441(c) allows for partial remands limited to state claims). Again, as indicated by the statutory language, the decision to remand rests in the court's discretion. In opposing the remand, defendants argue plaintiff's claims fail to satisfy the "separate and independent" element.

■ The interplay between § 1441(c)'s "separate and independent claim" language, *Gibbs*'s use of the "common nucleus of operative fact" terminology, and § 1367(a)'s "case and controversy" phrase is complicated at best. In particular, once a court has found it prudent to exercise supplemental jurisdiction over a state claim pursuant to § 1367(a) and *Gibbs,* it seems paradoxical to find that same claim "separate and independent" pursuant to § 1441(c). *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 354, 355 n. 11, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (stating that "pendent claims are not 'separate and independent' within the meaning of the removal statute," and that § 1441(c) "do[es] not apply to cases over which a federal court has pendent jurisdiction").

In fact, many courts have concluded that when considering state claims removed to federal court the two sections are mutually exclusive. *See, e.g., Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 786 (3d Cir.1995) ("Suits involving pendent (now 'supplemental') state claims that 'derive from a common nucleus of operative fact,' do not fall within the scope of § 1441(c), since pendent claims are not 'separate and independent.' ") (internal citation omitted); *Salei v. Boardwalk Regency Corp.,* 913 F.Supp. 993, 1003 (E.D.Mich.1996) ("state claims lying within a federal court's supplemental jurisdiction cannot also be 'separate and independent' from a federal claim under § 1441(c)"); *Tennessee v. 777 N. White Station Road,* 937 F.Supp. 1296, 1302 n. 14 (W.D.Tenn.1996) ("Section 1441(c) is not applicable to suits involving pendent claims, because pendent claims are not 'separate and independent' within the meaning of the removal statute.").

In light of the court's findings regarding the relationship between the state and federal claims within the supplemental jurisdiction context, the court will not now take an incongruent position by finding the state claims are "separate and independent" for purposes of the removal statute. Therefore, because the claims are not separate, the court finds remand pursuant to § 1441(c) inappropriate.

### C. Default Judgment

■ Plaintiff seeks, in the alternative, the entry of default judgment against defendants. A defendant who removes an action to federal court prior to filing an answer is required to file a responsive pleading within the latest of (1) twenty days after receipt of the complaint through service or otherwise, (2) twenty days after service of a summons upon such complaint, or (3) five days after filing the petition for removal. Fed.R.Civ.P. 81(c). Defendants

admit their answer was not timely filed in accordance with Rule 81(c). Defendants submit, however, that this failure was due to inadvertence or mistake. Apparently, defendants were granted, without objection by plaintiff, an extension for the filing date of their answer by the state court. Even though defendants filed their answer within the time permitted by the extension, plaintiff correctly notes that such extension is superceded by the dictates of Rule 81(c). Plaintiff argues defendants' technical failure demands an entry of default judgment. The court disagrees.

The decision to enter judgment by default rests in the court's sound discretion. *Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp.,* 115 F.3d 767, 771 (10th Cir.1997) (citing *Ruplinger v. Rains,* 946 F.2d 731, 732 (10th Cir.1991)). While technically in error, defendants have not willfully disregarded this court's authority or their responsibility to confront plaintiff's petition. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444 (10th Cir.1983) ("The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.") (internal citation and quotation marks omitted). Therefore, the court finds default judgment inappropriate, and plaintiff's motion will be denied as to this issue.

**IT IS THEREFORE BY THIS COURT ORDERED** that plaintiff's Motion for Remand or Motion for Default Judgment (Doc. 5) is denied.