**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT A. RAKOWSKI,

      Petitioner - Appellant,

v.

PAULA MERRITT, Merritt Transport;
COMMERCE CITY POLICE
DEPARTMENT; SEVENTEENTH
JUDICIAL DISTRICT, Courts of the
Seventeenth State of Co. Judicial
District,

      Respondents - Appellees.

No. 02-1359
D.C. No. 02-Z-891
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

In the district court, Robert A. Rakowski filed a *pro se* complaint in the

form of a letter. After the court issued him various forms he could fill out in

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

order to properly file his complaint, he filed both a 42 U.S.C. § 1983 action and a habeas application, as well as three different civil complaints. He was then ordered by a magistrate judge to amend his action and to file either the habeas application or the § 1983 complaint. When he did not amend his complaint within the period allotted, the district court dismissed the action without prejudice. Mr. Rakowski appeals. For the reasons set forth below, we dismiss the appeal and deny his motions for leave to proceed *in forma pauperis* and for a certificate of appealability.

First, it is clear that the district court did not err in dismissing the case when Mr. Rakowski failed to amend his complaint. Rule 8 of the Federal Rules of Civil Procedure requires a short and plain statement of a claim in order that the district court does not bear the burden of interpreting what the complaint is seeking or why. The complaint in this case is far from clear, and the district court was entitled to require Mr. Rakowski to specify whether he was filing a civil rights action or a habeas petition. Moreover, to the extent any civil rights claim may have arisen out of the facts underlying a habeas claim for wrongful conviction, Mr. Rakowski was required to first exhaust his claim in state court. *See Heck v. Humphrey*, 512 U.S. 477, 481-83 (1994).

Nevertheless, because we recognize that the law may be confusing to a *pro se* litigant, as this case illustrates, we note here the reasons why Mr. Rakowski's

underlying complaints must fail in any event. We have made an effort to make sense of the various claims he presents, and therefore deal with them as we have construed them.

Mr. Rakowski appears to allege defamation by Paula Merritt, but he cannot bring this claim under § 1983 because Ms. Merritt is not a state actor. 42 U.S.C. § 1983 (restricting liability under statute to those who act under color of state law). Furthermore, we note that defamation is not a constitutional violation. *See Paul v. Davis*, 424 U.S. 693 (1976).

Mr. Rakowski also alleges false arrest, but he bases this claim on his contention that the information given to the police by Ms. Merritt was false. By pleading guilty, however, he admitted the facts he was charged with and therefore cannot challenge his arrest in this manner. *See, e.g., Lefkowitz v. Newsome*, 420 U.S. 283 (1975); *North Carolina v. Alford*, 400 U.S. 25 (1970). Nor can he now attack his guilty plea itself on the basis of an allegation of innocence. *Adam v. United States*, 274 F.2d 880, 883 (10th Cir. 1960).

Finally, Mr. Rakowski appears to allege wrongful termination, which is a state law cause of action that cannot be raised in the federal court. *See, e.g., Gold v. Local 7 United Food & Commercial Workers Union*, 159 F.3d 1307 (10th Cir. 1998).

Mr. Rakowski seeks a Certificate of Appealability (COA), which was

denied by the district court. A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must "indicate which specific issue or issues satisfy [this] showing," 28 U.S.C. § 2253(c)(3). Mr. Rakowski has not made such a showing, and must at any rate attack such constitutional infirmities at the state court first, which he has not done. We therefore deny Mr. Rakowski's motion for a COA.

Mr. Rakowski has also filed a motion for leave to proceed *in forma pauperis*. The district court ordered Mr. Rakowski to submit an Amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, which the district court then denied. He renewed his application for *in forma pauperis* status on appeal. Because he has not shown the existence of a reasoned, nonfrivolous argument on the law and the facts in support of reversing the district court's dismissal of his action, however, we deny him *in forma pauperis* status. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Accordingly, we **DENY** the certificate of appealability, **DENY** in forma pauperis status, and **DISMISS** this appeal.[1]

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[1]We also deny all pending motions, including Mr. Rakowski's Motion to Suppress Evidence and Statements, Motion and Order to Preserve and Itemize Evidence, and Petition for Appointment of Private Counsel.