Richard **ROBEY,** in behalf of himself and others similarly situated, Plaintiff,

v.

**SHAPIRO, MARIANOS & CEJDA, L.L.C.; Theresa Marianos; Kirk J. Cejda; Gerald Shapiro; and Mortgage Electronic Registration Systems, Inc., Defendants.**

No. 02–CV–584–PC.

United States District Court, N.D. California.

Sept. 30, 2004.

Lawrence AG Johnson, Johnson & Swenson, Tulsa, OK, for Plaintiff.

Richard C. Ford, Crowe & Dunlevy, Oklahoma City, OK, Victor Eric Morgan, Gerald Lee Jackson, Crowe & Dunlevy, Tulsa, OK, Melvin R. McVay, Jr., Heather

L. Hintz, Phillips McFall McCaffrey McVay & Murrah, Oklahoma City, OK, for Defendants.

## ORDER

AGUILAR, District Judge.

This matter comes before the Court on Defendants' Motions to Dismiss filed September 23, 2002 (Docket Entry Nos. 11 and 12). Also coming on for consideration is Plaintiff's Application to Supplement Plaintiff's Response to Motions for Summary Judgment (sic) filed January 15, 2003 (Docket Entry # 20). All of these motions are at issue. Upon review and consideration of these documents, this Court renders this ruling.

As an initial matter, this Court has considered Plaintiff's request to supplement his response by including various documents from an unrelated foreclosure action filed in the District Court in and for Tulsa County, Oklahoma. Plaintiff's requested supplementation of the record does nothing to further the resolution of the pending motions; indeed, the inclusion of these irrelevant documents only serves to clutter an already cumbersome record. Therefore, the request will be denied.

On July 23, 2002, Plaintiff initiated this potential class action, filing a First Amended Complaint on August 28, 2002. In this action, Plaintiff contends Defendant Shapiro, Marianos & Cejda, LLC, a law firm, and the individual attorneys in that firm, Theresa Marianos, Kirk Cejda and Gerald Shapiro (collectively referred to as "Shapiro"), entered into agreements with various mortgage companies to handle foreclosure actions for a flat fee. Plaintiff asserts the flat fee contract was concealed from the courts in which the foreclosures were pending as well as the mortgagors and Shapiro "unlawfully [took] judgments against mortgagors for attorney fees in amounts in excess of said flat fee, and charging mortgagors who redeem or rein-state their mortgages for fees in excess of said flat fees," in violation of the Fair Debt Collection Practices Act ("FDCPA").

Plaintiff asserts a claim against Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") for falsely claiming that they were the holder of the promissory note in each foreclosure. Rather, Plaintiff contends MERS is neither the holder nor the beneficial interest holder in the notes at issue.

As for the claims specific to Plaintiff, he states that on December 11, 2001, Plaintiff was served with a summons in a foreclosure action on his home pending in the District Court in and for Tulsa County, Oklahoma by MERS. MERS alleged it was due an attorney fee in an amount in excess of the flat fee it agreed to pay Shapiro. Plaintiff claims the individual Defendants signed the pleadings claiming the fees. Plaintiff seeks certification of a class, being those individuals who were sued by MERS in a foreclosure action where the amount claimed for attorney fees exceeded the flat fee contract MERS had with the attorneys filing the foreclosure actions. Plaintiff then seeks damages for violation of the FDCPA, as well as state law claims.

Through their requests for dismissal, Shapiro contends (1) Plaintiff lacks standing to assert a claim since he has not suffered an injury in fact under Fed. R.Civ.P. 12(b)(1); (2) Plaintiff fails to state a claim upon which relief can be granted because attorney's fees are authorized under Oklahoma law and the various mortgages subject to foreclosure under Fed. R.Civ.P. 12(b)(6); and (3) Plaintiff cannot recover on his pendent state law claims. MERS asserts essentially the same bases for dismissal in its motion.

■ Typically, an action should not be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure unless "the plaintiff can prove no set of facts in sup-

port of the claims that would entitle him to relief." *Reynolds v. School District No. 1, Denver, Colorado,* 69 F.3d 1523, 1536 (10th Cir.1995) citing *Coosewoon v. Meridian Oil Co.,* 25 F.3d 920, 924 (10th Cir.1994). In reviewing the sufficiency of the complaint, a court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Riddle v. Mondragon,* 83 F.3d 1197, 1202 (10th Cir.1996) citing *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991). The "[g]ranting [of] defendant's motion to dismiss is a harsh remedy which must be cautiously studied ... to protect the interests of justice." *Bangerter v. Orem City Corp.,* 46 F.3d 1491, 1502 (10th Cir.1995). "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *Quality Foods v. Latin American Agribusiness Development,* 711 F.2d 989, 995 (11th Cir.1983). Generally, a request for dismissal for the failure to state a claim "is viewed with disfavor, and is rarely granted." *Lone Star Industries, Inc. v. Horman Family Trust,* 960 F.2d 917, 920 (10th Cir.1992) citing *Sosa v. Coleman,* 646 F.2d 991, 993 (5th Cir.1981). However, when a plaintiff cannot prevail as a matter of law, dismissal is appropriate. *Gillihan v. Shillinger,* 872 F.2d 935, 938 (10th Cir.1989); *Hydro–Tech Corp. v. Sundstrand Corp.,* 673 F.2d 1171, 1173 (10th Cir.1982).

Under the FDCPA, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. "Unfair or unconscionable" is defined to include "[t]he collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

In this case, Shapiro brings the foreclosure action on behalf of MERS and includes in the prayer for relief a request for the award of "a reasonable attorney's fee." Shapiro also makes letter demand for payment on behalf of MERS prior to instituting the foreclosure action, which also includes a request for a reasonable attorney's fee. Plaintiff, in a rather rambling and confusing argument, summarizes his claims as follows:

> The gist of Plaintiff's claim under the FDCPA is the Defendants, in their pleadings and their letter demand were attempts to collect a debt "not permitted by law." Oklahoma by statute (5 O.S. § 9) makes it clear the contractual rate governs the attorney's claim. Ethics makes it clear that only reasonable amounts can be claimed by an attorney. Supreme Court decisions in Oklahoma make it clear the rubric "reasonable attorney fee" under the so-called Burk factors do not apply where there is a contractual agreement between the attorney and the client setting a flat fee. Ethics rules make it clear there is a burden of candor toward the tribunal to inform the court there is a flat fee contract extant. Criminal law in Oklahoma (thus enunciating a rule of public policy) makes it a crime for the attorney to fail to inform the court or to take a fee to which he is not entitled ... Public policy in Oklahoma is against lay persons practicing law without and license and receiving attorney fees, and for this reason mortgagees cannot reap any more as fees than is necessary to reimburse themselves for the amount they have to pay for the foreclosure.

■ To put it simply, Plaintiff's position is unsupported. Oklahoma law permits the recovery of a reasonable attorney's fee in a mortgage foreclosure action as the prevailing party. Okla. Stat. tit. 42 § 176.

Plaintiff's mortgage at the time the foreclosure was filed and the demand letter was sent provided for the recovery of "reasonable attorney's fees customarily charged in the area." Plaintiff intimates that the failure to disclose the existence of a flat fee agreement between MERS and Shapiro impairs his rights for redemption. However, Plaintiff's position is merely speculation since redemption has not been attempted in his case. This Court notes the filing of a notice in this case which reflects the dismissal of the foreclosure action against Plaintiff.

■ Plaintiff's citation to various statutes and unrelated authorities is novel but misguided. Plaintiff would have this Court attempt to connect several seemingly unrelated state statutes to arrive at a conclusion that Shapiro's and MERS's practices are prohibited by a federal law represented in the FDCPA. Plaintiff's citation to Okla. Stat. tit. 5 § 9 is curious, at best. This statute provides a cause of action against an adverse party and/or a client who settles a case around the attorney in an attempt to avoid his fees. *See, Orwig v. Emerick,* 107 Okla. 134, 231 P. 234, 236 (1924); *Herman Const., Co. v. Wood,* 35 Okla. 103, 128 P. 309, 310 (1912). Plaintiff also cites to various other inapplicable cases and statutes pertaining to attorney ethics in an attempt to persuade this Court to adopt a heretofore unrecognized position under the FDCPA. This Court declines to do so. The fees sought in the prayer of the foreclosure action is authorized by statute and the agreement between the mortgagee and mortgagor. Plaintiff's attempt to transform Shapiro's and MERS's actions into something sinister is lacking. At best, the failure to disclose the flat fee arrangement is a matter best left to the determination of the court presiding over the foreclosure. The practice, however, does not violate the FDCPA. Although Plaintiff may well lack standing to bring this action as well, this Court chooses not to address this issue, given the dismissal of the FDCPA claim.

■ In its First Amended Complaint, Plaintiff also states a claim against MERS for failing to reveal it is not the holder of the note or beneficial interest in property in regard to which it seeks foreclosure. However, the claim is only referenced in the introduction of the First Amended Complaint and Count II of the Pendent State Claims section of the pleading. As a result, this Court interprets the claim to be only based in state law and not the FDCPA. Thus, the sole claim based in federal law is dismissed.

Further, this Court declines to exercise supplemental jurisdiction over the remaining state law claims, having dismissed the only claim over which this Court possesses original jurisdiction. 28 U.S.C. § 1367(c)(3). As a result, this case will be dismissed in its entirety.

IT IS THEREFORE ORDERED that Plaintiff's Application to Supplement Plaintiff's Response to Motions for Summary Judgment (Docket Entry # 20) is hereby **DENIED.**

IT IS FURTHER ORDERED that Shapiro, Marianos & Cejda, LLC, Gerald Shapiro, Teresa Marianos, and Kirk J. Cejda's Motion to Dismiss (Docket Entry # 12) and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (Docket Entry # 11) are hereby **GRANTED.** Accordingly, all claims asserted against all Defendants are hereby **DISMISSED.**

### *JUDGMENT*

On this date, this Court entered an Order granted Defendants' Motions to Dismiss, dismissing all claims against all Defendants named in this action. Accordingly, this Court finds that a judgment should be entered to reflect this ruling.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that judgment be entered in favor of Defendants Shapiro, Marianos & Cejda, LLC, Gerald Shapiro, Teresa Marianos, Kirk J. Cejda and Mortgage Electronic Registration Systems, Inc. and against Plaintiff Richard Robey, in behalf of himself and others similarly situated and all claims asserted in this action are hereby **DISMISSED.**