**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PETER WASKO,

    Plaintiff - Appellant,

v.

JOHNNY GONZALES,

    Defendant - Appellee.

No. 05-2228
(D. Ct. No. CIV-03-910 JH/WDS)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Peter Wasko appeals pro se an order of the District Court granting Defendant-Appellee Johnny Gonzales' motion for summary judgment. Mr. Wasko's claims in this matter arose from an action that was filed against his neighbor Mr.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders ; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Gonzales in the state courts of New Mexico seeking damages for assault and battery. After the state court granted Mr. Wasko an injunction against Mr. Gonzales, the court ordered Mr. Gonzales's attorney to prepare the judgment. Mr. Wasko claims that the judgment was prepared ambiguously, with the result being that it could be interpreted as a denial of relief. Due to these events, Mr. Wasko filed this 42 U.S.C. § 1983 claim against Mr. Gonzales alleging due process and equal protection violations. His complaint also raised claims arising under the New Mexico Constitution. The District Court granted summary judgment in favor of Mr. Gonzales on the § 1983 claim because Mr. Wasko had not demonstrated the defendant acted under color of state law. *See Barnard v. Young*, 720 F.2d 1188, 1188–1189 (10th Cir. 1983) (stating that relief under section 1983 requires that the defendant is a state actor and has acted under color of state law). Mr. Wasko now appeals.

After considering the record in this matter, we agree with the District Court that there is simply no evidence that Mr. Gonzales was acting under color of state law in the issues raised in this appeal. Moreover, Mr. Wasko's pro se brief rests its allegations exclusively on Mr. Gonzales' attorney's actions and the actions of the state court rather than any actions of Mr. Gonzales himself. Therefore, for substantially the reasons given by the District Court, we agree that Mr. Gonzales was not acting under color of state law. Summary judgment was appropriate.

The District Court also declined to exercise supplemental jurisdiction over Mr. Wasko's remaining state claims under 28 U.S.C. § 1367(c)(3). We review the decision of

the district judge declining supplemental jurisdiction for an abuse of discretion. *See*

*Robey v. Shapiro, Marianos & Cejda, L.L.C.*, 434 F.3d 1208, 1213 (10th Cir. 2006). We

find no abuse of discretion in the District Court's determination to decline supplemental

jurisdiction in this case. Thus, the order of the District Court is affirmed.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge