**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 13-3540
———————

GERHARD SWEETMAN,
                                    Appellant

v.

BOROUGH OF NORRISTOWN, PA; COUNTY OF MONTGOMERY, PA;
STATE OF PENNSYLVANIA; LANDLORD MICHAEL SIMON
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:11-cv-07404 )
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2014
Before:  AMBRO, SHWARTZ and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 28, 2014)
———————

OPINION
———————

PER CURIAM

    Gerhard Sweetman appeals pro se from the District Court's order granting motions

to dismiss filed in his civil rights case.  Sweetman also challenges the District Court's

order denying his motion for reconsideration.  We will affirm.

**I**.

In December 2011, Sweetman filed a pro se civil rights complaint in the District Court against Pennsylvania (the "Commonwealth"), Montgomery County, the Borough of Norristown, and Michael Shimon (Sweetman's landlord). Sweetman appeared to assert that in December 2009, Norristown "code enforcement" officers attempted to gain entry to his apartment for an inspection.[1] Sweetman asserted that this attempted entry violated his Fourth Amendment rights. He also asserted that the officers made terroristic threats which later caused him to have a heart attack, resulting in his hospitalization.

Montgomery County, Norristown, and the Commonwealth each filed motions to dismiss. The District Court liberally construed the complaint to assert claims pursuant to 42 U.S.C. § 1983 and Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978), but it concluded that Sweetman's complaint contained no viable claim. It concluded that the complaint failed to identify any Commonwealth or Montgomery County officials who were involved in the alleged constitutional violation. As to Norristown, the District Court concluded that Sweetman failed to allege facts that, if true, would establish a constitutional violation. The District Court also concluded that § 1983 would not permit recovery for an attempted warrantless search.

---

[1] Sweetman asserts for the first time on appeal that his door was opened during the attempted entry and that he had to forcibly shut it to prevent the entry of the code enforcement officers. We do not ordinarily consider allegations raised for the first time on appeal, and we will not do so here. See Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1165 (3d Cir. 1986).

With the leave of the District Court, Sweetman filed an amended complaint. While more detailed, the amended complaint again asserted that the code enforcement officers violated his Fourth Amendment rights by "an attempted apartment invasion and attempted entry." Sweetman provided few details of the alleged incident, noting only that it came "to the point of almost kicking the door in by Code Enforcement Officers . . . ."[2] Sweetman alleged that the attempted entry occurred without his consent and without a valid search warrant. The Commonwealth, Montgomery County, and Norristown each filed new motions to dismiss, and the District Court, referencing the reasoning in its prior order, granted the motions and dismissed the amended complaint.[3]

Sweetman filed a timely motion for reconsideration which did not address the District Court's underlying reasoning. Rather, it requested that the District Court reconsider its ruling due to Sweetman's expectation that pending responses to his interrogatories would provide "iron clad evidence of damages done from the incidents." After the District Court entered an order denying the motion for reconsideration, Sweetman timely appealed. In January 2014, Sweetman filed a motion to enjoin the Federal Housing Authority from discontinuing his public housing voucher.

---

[2] Sweetman did not provide any other details concerning the attempted entry in his amended complaint.

[3] The District Court also dismissed the claims asserted against Michael Shimon pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), on the grounds that Sweetman failed to establish a constitution violation or that Shimon was acting under color of state law. It appears that Shimon was never served with a copy of the complaint.

**II.**

We first address the scope of our jurisdiction. Sweetman's notice of appeal referenced only the District Court's denial of reconsideration. However, the order dismissing Sweetman's motion is clearly connected to the prior order dismissing his amended complaint, and Sweetman's briefs in support of his appeal, liberally construed, make clear his intention to appeal the District Court's prior order. Accordingly, we will construe Sweetman's appeal as an appeal of both orders. See Wiest v. Lynch, 710 F.3d 121, 127 (3d Cir. 2013).

We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a District Court's order granting a motion to dismiss is plenary. Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). In conducting this review, we accept the truth of Sweetman's factual allegations and draw reasonable inferences in his favor. See Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We review the denial of Sweetman's motion for reconsideration for abuse of discretion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

4

**III**.

The District Court correctly granted the motions to dismiss. As the District Court concluded, Sweetman failed to allege that any officials from either the Commonwealth or Montgomery County were involved in any attempted entry of his apartment. See Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Thus, they were not viable defendants.[4]

As to Norristown, the District Court properly concluded that an *attempted* violation of Sweetman's Fourth Amendment rights is not remediable under § 1983, as no actual deprivation of his federally protected rights occurred.[5] See Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120 (1992) ("Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution") (citing 42 U.S.C. § 1983); cf. Cnty. of Sacramento v. Lewis, 523 U.S. 833, 845 n.7 (1998) (attempted seizures of person are beyond the scope of the Fourth Amendment); United States v. Valentine, 232 F.3d 350, 358 (3d Cir. 2000) ("[I]f the police make a show of authority and the suspect does not submit, there is no seizure.); see also, e.g., Andree v. Ashland Cnty., 818 F.2d 1306, 1311 (7th Cir. 1987) ("[T]he mere

---

[4] We note that municipal code enforcement is administered by each municipality and not by the Commonwealth or county officials. See 35 Pa. Stat. Ann. § 7210.501; Com. v. Daugherty, 829 A.2d 1273, 1277 (Pa. Commw. Ct. 2003).

[5] Sweetman asserted that the attempted entry into his apartment caused him to suffer a heart attack several weeks after the incident. Setting aside the question of whether an attempted entry is cognizable under § 1983, Sweetman has not plausibly alleged that the heart attack was a result of the interaction. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.

*attempt* to deprive a person of his [constitutional] rights is not, under usual circumstances, actionable under section 1983) (emphasis in the original). It may be that Sweetman thinks that the Norristown officials should be liable because they planned, wanted, or conspired to deprive him of his Fourth Amendment rights. If so, § 1983 does not provide a remedy. A § 1983 conspiracy claim is viable only if there has been an actual deprivation of a constitutional right. Andree v. Ashland Cnty., 818 F.2d 1306, 1311 (7th Cir. 1987); see also Dixon v. City of Lawton, 898 F.2d 1443, 1449 (10th Cir. 1990). Accordingly, as Sweetman did not submit to the inspection of his home and thus was not deprived of his Fourth Amendment right to be free of unreasonable searches, cf. Lewis, 523 U.S. at 845 n.7(1998); Valentine, 232 F.3d at 358, he did not assert a remediable § 1983 conspiracy claim. See Andree, 818 F.2d at 1311.

Sweetman also asserted that he was threatened during the attempted entry. While he does not specify the exact nature of the threats, mere verbal threats do not provide the basis for a viable § 1983 claim. See Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992). Sweetman also asserted the existence of a municipal policy that authorized code enforcement agents to attempt to enter his premises. However, as Sweetman has failed to state a claim pursuant to § 1983, he also failed to state a Monell claim. See Monell, 436 U.S. at 694 (1978).

Finally, in seeking reconsideration, Sweetman implied that the District Court should have waited to dismiss his complaint until he had received responses to his interrogatories. However, it was not error for the District Court to dismiss Sweetman's

6

complaint under Rule 12(b)(6) when it did.  <u>See</u>, <u>e.g.</u>, <u>McLean v. United States</u>, 566 F.3d 391, 399 (4th Cir. 2009) (noting that a purpose of Rule 12(b)(6) is dispensing with needless discovery).

For these reasons, and in light of our overall examination of the record, we will affirm the judgment of the District Court.  Sweetman's motion for an injunction is denied.[6]

---

[6] Sweetman seeks an injunction against the Federal Housing Authority to prevent the loss of his housing voucher.  However, any claims Sweetman seeks to raise against non-parties to the instant action must be first raised in the District Court.