**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 7, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

DANIELLE JURINSKY, individually and
on behalf of all others similarly situated,

     Plaintiff - Appellant,

v.

ARAPAHOE COUNTY DEPARTMENT
OF HUMAN SERVICES, Division of
Child & Adult Protection; ROBIN
NICETA; MICHELLE DOSEY;
ARAPAHOE COUNTY BOARD OF
COUNTY COMMISSIONERS,

     Defendants - Appellees.

No. 23-1338
(D.C. No. 1:22-CV-02201-PAB-MEH)
(D. Colo.)

_____

### ORDER AND JUDGMENT\*

_____

Before **TYMKOVICH**, **MATHESON**, and **McHUGH**, Circuit Judges.

_____

Danielle Jurinsky brought this action under 42 U.S.C. § 1983 against the

Arapahoe County Department of Human Services ("ACDHS") and ACDHS

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

employee Robin Niceta.[1]  She claimed they violated her rights to due process and

equal protection.  The district court dismissed under Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim.  Ms. Jurinsky appealed.  Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

### A.  *Factual Allegations*

The amended complaint alleged as follows.[2]  ACDHS, a county agency, "is

tasked with receiving reports of child abuse and neglect," but at times has wrongfully

separated children from their families.  Aplt. App. at 33, ¶ 12.  On January 28, 2022,

Ms. Niceta anonymously called an ACDHS abuse-reporting hotline, falsely stating

she witnessed Ms. Jurinsky sexually abuse her son on two occasions.  Because

Ms. Niceta had "extensive training on receiving and referring calls such as this one,

---

[1] Ms. Jurinsky initiated this case in state court as a putative class action.  In addition to Ms. Niceta and ACDHS, she named the Arapahoe County Board of County Commissioners and Michelle Dosey, an ACDHS employee.  Defendants removed the case to federal court.  Ms. Jurinsky then filed the operative, amended complaint.  The district court ruled the putative class claims should be dismissed if Ms. Jurinsky's allegations failed to state a claim.  *See Robey v. Shapiro, Marianos & Cejda, L.L.C.*, 434 F.3d 1208, 1213 (10th Cir. 2006) (affirming dismissal of class allegations where named plaintiff failed to state a claim on his own behalf).  The court said the amended complaint lacked allegations to show that the Board or Ms. Dosey engaged in unconstitutional acts.  On appeal, Ms. Jurinsky does not address these rulings.  She challenges only the dismissals of the claims against Ms. Niceta and ACDHS.  *See Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007) (holding plaintiff waived claims by failing to explicitly challenge their dismissal).

[2] Because Ms. Jurinsky appeals from a Rule 12(b)(6) dismissal, we accept as true all well-pled factual allegations in the operative complaint and construe them in the light most favorable to her.  *Fowler v. Stitt*, 104 F.4th 770, 775 (10th Cir. 2024).

[she] knew exactly the false information she had to provide in order to trigger a referral, which would open up a full investigation . . . by . . . ACDHS." *Id.* at 42, ¶ 39 (quotations omitted).  The next day, Ms. Niceta tried to interfere with the investigation by having it assigned to her.  She also accessed or attempted to access an ACDHS database to alter, destroy, and fabricate evidence related to the call.

Shortly after Ms. Niceta called the hotline, ACDHS contacted Ms. Jurinsky about the anonymous abuse report.  Ms. Jurinsky said she was a public official and that the false report of abuse was likely retaliation.  She disclosed the name of at least one individual—apparently Ms. Niceta—whom she believed could have made the call.  She alleged ACDHS failed to investigate Ms. Niceta's involvement in making the call despite knowing about Ms. Niceta's intimate relationship with the Aurora Police Chief, whom Ms. Jurinsky had publicly criticized.

The amended complaint alleged that ACDHS's "widespread practices or customs" caused constitutional violations.  *Id.* at 107, ¶ 533.  It averred that ACDHS failed to conduct adequate investigations, disregarded testimony of people with knowledge of children's well-being, and ignored that some abuse reports may be false.  It alleged that ACDHS "failed to adequately hire, train, supervise, and retain employees involved in the separation or attempts to separate children from the parents or caretakers," and "failed to adopt clear policies to ensure that individuals such as Plaintiffs did not have their civil rights violated." *Id.* at 108, ¶ 533.

B. *Procedural History*

Ms. Jurinsky claimed Ms. Niceta and ACDHS violated her procedural and substantive due process rights by interfering with her familial relations and denied her equal protection by treating her less favorably than others similarly situated.[3]

The district court dismissed the claims against Ms. Niceta for failure to allege she acted under color of state law. It dismissed the due process claims against ACDHS for failure to allege facts showing that it interfered in Ms. Jurinsky's relationship with her son and dismissed the equal protection claim for lack of allegations that she was treated differently from others similarly situated.

## II. DISCUSSION

We review de novo a district court's decision to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6). *Doe through Doe v. Rocky Mountain Classical Acad.*, 99 F.4th 1256, 1259 (10th Cir. 2024). To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere

---

[3] Ms. Jurinsky asserted a separate claim for violation solely of 42 U.S.C. § 1983. But § 1983 does not alone confer any substantive rights. *See Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017) ("The statute is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." (quotations omitted)).

4

conclusory statements, do not suffice." *Id.* at 678; *see Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1274 (10th Cir. 2023).

Although the amended complaint alleged serious misconduct, it was deficient under the theories of liability Ms. Jurinsky wished to pursue in this action. We affirm the district court's dismissal for failure to state a claim.[4]

## A. *Ms. Niceta*

The district court concluded the amended complaint failed to allege Ms. Niceta acted under color of state law. Because she may have been a state actor when she accessed or attempted to access an ACDHS database, *see McDade v. West*, 223 F.3d

---

[4] Any contention that Ms. Jurinksy stated a claim based on allegations the Defendants attempted to interfere with her familial association must fail. Section 1983 provides for a claim against a person acting under color of state law for "deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. Courts have recognized that "[s]ection 1983 does not permit recovery for an attempt to deprive one of a constitutional right; there must be an actual deprivation before recovery is permitted." *Holt Cargo Sys., Inc. v. Del. River Port Auth.*, 20 F. Supp. 2d 803, 830 (E.D. Pa. 1998), *aff'd*, 165 F.3d 242 (3d Cir. 1999). *See also, e.g.*, *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990) (recognizing that to recover pursuant to § 1983, even under a conspiracy theory, a plaintiff must plead and prove "an actual deprivation of rights"); *Mozzochi v. Borden*, 959 F.2d 1174, 1180 (2d Cir. 1992) ("the success of an attempt to deprive an individual of constitutional rights is critical to whether those rights have in fact been violated"); *Sweetman v. Borough of Norristown*, 554 F. App'x 86, 90 (3d Cir. 2014) ("A § 1983 conspiracy claim is viable only if there has been an actual deprivation of a constitutional right."); *Andree v. Ashland Cnty.*, 818 F.2d 1306, 1311 (7th Cir. 1987) ("[T]he mere *attempt* to deprive a person of his [constitutional] rights is not, under usual circumstances, actionable under section 1983."); *Dooley v. Reiss*, 736 F.2d 1392, 1394-95 (9th Cir. 1984) (district court properly dismissed § 1983 claim in the "absence of an actual deprivation" of a federal right); *Cook v. Randolph Cnty.*, 573 F.3d 1143, 1153 (11th Cir. 2009) ("[A]n unsuccessful attempt to deprive someone of his constitutional rights is [not] actionable under § 1983.").

1135, 1139-40 (9th Cir. 2000), we affirm dismissal on the alternative ground that the amended complaint did not plausibly allege she violated Ms. Jurinsky's constitutional rights, *see United States v. Zamora*, 97 F.4th 1202, 1213 (10th Cir. 2024).

Ms. Jurinsky claimed Ms. Niceta denied her due process by interfering with her right to familial association. But the district court said she did not allege facts showing any defendant filed a negligence petition or separated her from her son. On equal protection, the court determined that Ms. Jurinsky failed to identify similarly situated individuals who were treated differently.

1. **Due Process and Familial Association**

a. *Procedural due process*

Ms. Jurinsky contends "the record is replete with details of an extensive investigation directed at the familial relationship" and that she was denied procedural due process. Aplt. Br. at 11.[5] "Under the Fourteenth Amendment, the state may not permanently sever parental rights or temporarily remove children from a home without affording the parents due process of law." *Lowther v. Children Youth & Family Dep't*, 101 F.4th 742, 760 (10th Cir. 2024) (quotations omitted). "[T]o state a procedural due process claim, a plaintiff must establish (1) the deprivation of (2) a

---

[5] In her brief on appeal, Ms. Jurinsky asserts additional conduct that did not appear in the complaint. *See* Aplt. Br. at 7-8, 13-14. We confine our review to the allegations set forth in the operative complaint. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

constitutionally cognizable liberty or property interest, (3) without adequate due process procedures." *Abdi v. Wray*, 942 F.3d 1019, 1031 (10th Cir. 2019).

Although Ms. Jurinsky has a liberty interest in her right to maintain a familial relationship, *see, e.g., Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1245 (10th Cir. 2003), her amended complaint did not establish the requisite deprivation. It lacked allegations that Ms. Niceta's conduct led to a negligence petition or separation from her son.[6]

b. *Substantive due process*

Nor did Ms. Jurinsky adequately plead a substantive due process claim, which also requires allegations of deprivation of "life, liberty, or property." *Abdi*, 942 F.3d 1027 (quotations omitted); *see Halley v. Huckaby*, 902 F.3d 1136, 1153-56 (10th Cir. 2018). Ms. Jurinsky "had to allege that (1) defendants intended to deprive [her] of [her] protected relationship with [her son], and that (2) balancing [her] interest in [her] protected relationship with [her son] against the state's interests in [her son's] health and safety, defendants either unduly burdened [her] protected relationship or effected an unwarranted intrusion into that relationship." *Thomas v. Kaven*, 765 F.3d

---

[6] Ms. Jurinsky also asserts Defendants failed to comply with a state statute requiring them "to assess, '[to the extent that it is reasonably possible,] . . . [t]he credibility of the source or the report' of a child abuse allegation." Aplt. Br. at 17 (quoting Colo. Rev. Stat. § 19-3-308(2)(a)). This argument, absent sufficient allegations of familial association deprivation, is unavailing. *See Stein v. Disciplinary Bd. of Sup. Ct. of N.M.*, 520 F.3d 1183, 1192 (10th Cir. 2008) ("[P]rocess is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement.").

1183, 1196 (10th Cir. 2014) (citations and quotations omitted). "In conducting this balancing, the court will consider, among other things, the severity of the infringement on the protected relationship, the need for defendants' conduct, and possible alternative courses of action." *Id.*

Although the false-reporting allegations showed Ms. Niceta's disinterest in the son's "health and safety," the amended complaint did not allege she unduly burdened or intruded into Ms. Jurinsky's relationship with her son. And, again, it did not allege that, in response to the false report, any defendant filed a negligence petition or removed Ms. Jurinsky's son from her custody. Ms. Niceta's call triggered an investigation, but ACDHS contacted Ms. Jurinsky to assess the call's credibility. In doing so, it avoided interference with the familial relationship.

2. **Equal Protection**

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "The paradigmatic 'class of one' case . . . is one in which a public official, with no conceivable basis for his action other than spite or some other improper motive (improper because unrelated to his public duties), comes down hard on a hapless private citizen." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (quotations omitted). "To prevail on this theory, a plaintiff must first establish that others, similarly situated in every material respect[,] were treated differently." *Id.* (quotations omitted). "A plaintiff must then show this difference in treatment was without rational basis, that is, the government action was

8

irrational and abusive, and wholly unrelated to any legitimate state activity." *Id.* (citation and quotations omitted).

"[T]he requirement that comparators be 'similarly situated *in all material respects*' is inevitably more demanding where a difference in treatment could legitimately be based on a number of different factors." *Id*. at 1218.  In those circumstances, "it is more likely that there are material distinctions between allegedly similarly situated parties, leading to a ready supply of rational and not wholly arbitrary reasons for differential treatment." *Id.* (quotations omitted).

Here, Ms. Jurinsky alleged Defendants (1) treated others "more favorably when they *did not* separate or attempt to separate children involved in other investigations from their parents or caretakers," Aplt. App. at 111, ¶ 543 (emphasis added), and (2) treated her "differently than . . . other individuals and families it investigated in which they *did* remove or attempt to remove children from their parents or other caretakers." *Id.* at 110, ¶ 538 (emphasis added).  The district court concluded these allegations failed to state a claim.  We agree.

First, both allegations fail to allege the differential treatment required for an equal protection claim  The first one asserts that Defendants *did not* separate or attempt to separate parents or caretakers from their children.  But Ms. Jurinsky has not alleged sufficient facts about others to show Defendants treated her differently from them.

The second allegation indicates that Ms. Jurinsky was treated better than parents or caretakers whom Defendants *did* separate or attempt to separate from their

children.  But she must show that she was treated "less favorably," not more favorably, than "similarly situated persons."  *United States v. Hunter*, 739 F.3d 492, 495 (10th Cir. 2013); *see also id.* (explaining that the appellant "has the concept of equal protection backward").  "[A] comparator only satisfies the pleading requirements . . . if the comparator received more favorable treatment than the plaintiff."  *Hu v. City of New York*, 927 F.3d 81, 100 (2d Cir. 2019) (quotations omitted); *see Kan. Penn Gaming*, 656 F.3d at 1216 (explaining for a class of one claim that a plaintiff must show *unfavorable* government action).  As alleged, Ms. Jurinsky's comparators received the same or less favorable treatment than she did.  This allegation does not satisfy the applicable case law.

Second, the amended complaint lacks sufficient specificity on the similarly situated element of an equal protection claim.  Ms. Jurinsky alleged she was similarly situated to other families subject to investigation, but she did not aver facts showing how she was similarly situated.  *See Kan. Penn Gaming*, 656 F.3d at 1217 (recognizing a plaintiff bears a "substantial burden" to show she is similarly situated in all material respects to comparators who were treated differently (quotations omitted)); *see also Jennings v. City of Stillwater*, 383 F.3d 1199, 1214 (10th Cir. 2004) (explaining that broad definitions of those similarly situated may not adequately account for differential treatment based on legitimate considerations).[7]

---

[7] The allegations' inconsistency compounds the lack of specificity.  They describe parents or caretakers whom Defendants (1) *did not* and (2) *did* separate or

In short, Ms. Jurinsky's amended complaint fails to allege the differential treatment and similarly situated elements required to state an equal protection claim.

\*    \*    \*    \*

Ms. Jurinsky thus failed to allege Ms. Niceta violated her due process or equal protection rights. The district court correctly dismissed the claims against her.

### B. *ACDHS*

Ms. Jurinsky attempted to allege a municipal liability claim against ACDHS, but because her amended complaint failed to show an underlying constitutional violation, the district court properly dismissed the claim.

### 1. **Legal Background**

Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), "a municipality is a 'person' subject to § 1983 liability." *Burke v. Regalado*, 935 F.3d 960, 998 (10th Cir. 2019) (quotations omitted). Municipal liability requires an underlying constitutional violation. *Id.* "A core principle of *Monell* liability is that municipal entities are liable for only their own actions and not vicariously liable for the actions of their employees." *Crowson v. Wash. Cnty., Utah*, 983 F.3d 1166, 1191 (10th Cir. 2020). But "[b]ecause municipalities act through officers, ordinarily there will be a municipal violation only where an individual officer commits a constitutional violation." *Id.*

---

attempt to separate from their children. Ms. Jurinsky cannot be similarly situated to both groups.

We have recognized a "limited exception" to the requirement of individual unconstitutional action. *Id.* "Where the sum of multiple officers' actions taken pursuant to municipal policy results in a constitutional violation, the municipality may be directly liable[; i.e.,] the municipality may not escape liability by acting through twenty hands rather than two." *Id.*

In addition to a constitutional violation, a *Monell* claim requires three elements: "(1) [an] official policy or custom, (2) causation, and (3) state of mind." *Burke*, 935 F.3d at 998 (brackets and quotations omitted).

2.  **Application**

Ms. Jurinsky's amended complaint fell short on the municipal liability claim because it failed to allege facts plausibly showing a constitutional violation committed by Ms. Niceta or by some combination of individuals.

The district court concluded the amended complaint lacked allegations that ACDHS employees, individually or collectively, interfered in Ms. Jurinsky's relationship with her son or treated her differently from others similarly situated. We agree. Because these deficiencies defeat her due process and equal protection claims, we need not reach the municipal liability elements of official policy or custom, causation, or state of mind.

Ms. Jurinsky could not rely on Ms. Niceta's actions for her claim against ACDHS because the amended complaint failed to state a constitutional violation against her. She also failed to state a claim under *Crowson*'s "limited exception." Although she alleged that ACDHS personnel conducted inadequate investigations,

12

disregarded testimony about children's well-being, and failed to adopt policies to prevent constitutional violations, she failed to adequately allege these shortcomings interfered with her right to familial association with her son. *See Thomas*, 765 F.3d at 1196.

Ms. Jurinsky alleged that someone from ACDHS contacted her about Ms. Niceta's alleged false report, but, as the district court found, her amended complaint lacked allegations that ACDHS initiated a negligence petition or removed her son from her custody. *See Abdi*, 942 F.3d at 1031, 1034 (affirming dismissal of substantive and procedural due process claims for failure to allege deprivation of a protected liberty interest). It also lacked sufficient allegations that she was treated less favorably than others similarly situated. *See Kan. Penn Gaming*, 656 F.3d at 1216. The district court thus did not err in dismissing her municipal liability claim.

### III. **CONCLUSION**

We affirm the district court's judgment.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge